LINK: - JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03815 BRO (CWx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | WILLIE FONTANO V. TACOS EL SINALOENCE Y MARISCOS, ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        (IN CHAMBERS)

## ORDER REMANDING CASE

### I.

### INTRODUCTION & BACKGROUND

On November 9, 2012, Plaintiff Willie Fontano filed this action in the Los Angeles Superior Court.  On May 29, 2013, Defendant Josefina Burgos, dba Tacos El Sinaloence y Mariscos, removed the action to this Court.  Defendant alleges the action originally could have been filed in this Court, pursuant to 28 U.S.C. § 1331, based on issues of federal law, and 28 U.S.C. § 1332, based on diversity of the parties and the amount in controversy.  Accordingly, Defendant removed the action pursuant to 28 U.S.C. § 1441.  The Court issued an Order to Show Cause Re Subject matter Diversity Jurisdiction on June 3, 2013.  No response was filed to the Order to Show Cause.   The Court concludes that Defendant has failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court REMANDS the case to state court.

LINK: - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03815 BRO (CWx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | WILLIE FONTANO V. TACOS EL SINALOENCE Y MARISCOS, ET AL. | | |

## II.
## DISCUSSION

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996).  The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  Jurisdiction must be determined from the face of the complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

In this case, the Plaintiff alleges two causes of action under California accessibility laws and California's Unruh Civil Rights Act.  Defendant's Notice of Removal fails to list a single federal law at issue.  (Dkt. No. 1).  The Court does not find any claim arising under federal law.

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  28 U.S.C. § 1332.  Where the complaint on its face does not

LINK: - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-03815 BRO (CWx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | WILLIE FONTANO V. TACOS EL SINALOENCE Y MARISCOS, ET AL. | | |

allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

Here, on the face of the complaint, damages are alleged to be less than $25,000. Thus, it appears the amount in controversy does not exceed $75,000 as required under 28 U.S.C. § 1332.

The court issued an Order to Show Cause to obtain additional information as to why this Court should not remand this action for lack of subject matter jurisdiction. No response to the Order to Show Cause was filed.

### III. CONCLUSION

Therefore, Defendant has not established federal subject matter jurisdiction in this case. Accordingly, the Court REMANDS the action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |